In The General Court of Justice Superior Judicial Court Division

North Carolina state, the Republic

County of Guilford

William Ray Moser Jr

Plaintiff,

vs.

Case # 12 CVS 9848
Common Law Complaint

CITIMORTGAGE, INC.

Defendants.

---

## Affidavits

Comes Now, William Ray Moser Jr, Petitioner herein, one of the Private People in the North Carolina Republic, one of The United States of America, a Union of republic Sworn under penalties of perjury, under The Laws of The United States of America and of the North Carolina Republic, and states that Petitioner is competent to be a witness and that the facts contained herein are true, correct, complete, and not misleading, to the best of petitioner's firsthand knowledge on Petitioner unlimited commercial Liability.

Now comes the plaintiffs, in propria personna, and relying on the decisions in *First National Bank of Montgomery* Vs. Jerome Daily and show their Complaint against the defendants as follows:

JURISDICTION

1. FOR STATE COURTS / (Jurisdiction in this action at law is based on the Constitution of the United States and in particular the 7th amendment as this is a suit at common law. Jurisdiction is further invoked under the Constitution of the state of North Carolina and in

1

particular by the …amendment which preserves the right to trial by jury in an action at law and jurisdiction is further invoked under 18 U.S.C. Sec. 1964.

2. FOR FEDERAL COURTS, use the following- (Jurisdiction is revoked under 28 U.S.C. Sec. 1332 and involves diversity of citizenship and more than $ 10,000 in controversy and jurisdiction is further invoked under 42 U.S.C. 1983 et seq. and 18 U.S.C. Sec. 1964 as well as the Constitution of the United States and in particular the 7th amendment as this is a "suit at common law." This Complaint is filed in propria personna pursuant to Hains vs. Kerner, 404 U.S. 519).

PARTIES TO THE ACTION

2. The plaintiff in this action is a citizen of the United States and resident of the state of North Carolina. The plaintiff name and address is as follows: William Ray Moser Jr, 2813 Roland Rd, Greensboro, North Carolina. The defendants in this Complaint are Defendant CITIMORTGAGE, INC., whose business address is as follows: 4740 121st St. Urbandale, IA 50323-2402

FACTUAL BACKGROUND

3. On or about May 1, 2007, Defendant CITIMORTGAGE, INC. through its loan officer (or President) did verbally represent to the plaintiff that it had approved a loan for the property located at 2309 Freeman Mill Rd, Greensboro NC 27406 for the sum of $62,400.00 in lawful money of the United States and at annual interest rate of 6.875%.

4. Defendant CITIMORTGAGE, INC. knew or should have known that the verbal statement that they would lend the plaintiff "lawful money of the United States" at an annual interest rate of 6.875% was a false representation that was made recklessly and with deliberate and intentional disregard for the rights for the plaintiff.

2

5. Relying on these false representations, the plaintiff was induced into signing a [mortgage note, deed of trust, note, security agreement etc.] on or about May 1, 2007. Since the date of the loan, the plaintiff has made payments of principal and interest totaling $33,391.20.

6. After the plaintiff had signed the [mortgage, deed of trust, note, etc.], the bank did fail to lend the plaintiff lawful money of the United States for the full value of the loan. For the actual lawful money which the bank risked for the loan, estimated to be no more than 5% of the loans face value, the bank did charge an interest rate that was 20 times greater than what was authorized in the contract, and did this deliberately to the detriment and damage of the plaintiffs.

7. In carrying out their commitment to lend lawful money of the United States, the bank did write a check for the sum of $62,400.00. The bank in writing this check, did deliberately make a loan beyond its customers' deposits.

8. The check (or checks) which the bank and its officers wrote were not backed by or redeemable in Federal Reserve Notes, coins or lawful money of the United States for their full face value.

9. The bank and its officers did use the U.S. Mails more than twice since the date of loan to collect money on this debt. Plaintiff did not become aware of the fraudulent activity of the defendants until on or around September 1, 2012.

10. The only consideration which the bank provided for this loan was a book entry demand deposit which the bank itself created effortlessly and at virtually no cost to itself. The bank in stamping its own check "Paid," did make a false representation as it merely transferred some book entries and never intended to redeem this check in lawful money of the United States.

3

COUNT ONE

1. BREACH OF CONTRACT. The averments of the previously numbered paragraphs are restated by reference herein. Defendant CITIMORTGAGE, INC. failed to lend the plaintiff lawful money of the United States and instead substituted a check with the intended purpose of circulating it as money.

COUNT TWO

1. FRAUD AND RACKETEERING. The averments of the previously numbered paragraphs are referred to by reference herein. Defendant CITIMORTGAGE, INC. are all parties to the writing and processing of a check written by Defendant CITIMORTGAGE, INC. on or about May 1, 2007. All these parties are in collusion in using the U.S. Mails and Wire Services to collect on this unlawful debt in violation of 18 U.S.C. 1341 (mail fraud) and 18 U.S.C. (wire fraud) and 18 U.S.C. 1962 in establishing a "pattern of racketeering activity" Plaintiff asks for triple damages for actual and compensatory damages sustained pursuant to 18 U.S.C. 1964 from each and every defendant on all counts.

COUNT THREE

1. USURY AND RACKETEERING. The averments of the previously numbered paragraphs are restated by reference herein. By virtue of the bank's activities in creating an unlawful debt by passing a bad check, Defendant CITIMORTGAGE, INC. have collected an annual interest rate estimated to be twenty times greater than the amount of interest the plaintiffs agreed to in the note they signed. This violation of contract law and usury laws is due to the fact that the actual amount of lawful money risked by the bank in making the loan was less than 5% of the loan's face value.

4

COUNT FOUR

    1   VIOLATIONS OF TRUTH IN LENDING LAW. Defendant CITIMORTGAGE, INC. on the date of May 1, 2007 prepared the note and mortgage agreement in writing, but failed or refused to disclose material fact in either instrument. The material facts was that the Plaintiff was the depositor and that the Defendant(s) risked none of their assets in the exchange, or any assets of other depositors. Defendant(s) violated 12 CFR 226.17 (c)(1) of the Truth Lending Law by failing or refusing to disclose this material fact.

RELIEF REQUESTED

1. The plaintiff ask the court to empanel a Grand Jury to investigate Defendant CITIMORTGAGE, INC. for violations of Federal Antitrust laws and the Federal Racketeering laws including 18 U.S.C. 1341 (mail fraud) and 18 U.S.C. 1343 (wire fraud) and 18 U.S.C. 1962 (patterns of racketeering activity) and 18 U.S.C. 241 for conspiracy to violate the plaintiff and other citizens Constitutional rights.

2. Plaintiff states a claim for relief against CITIMORTGAGE, INC. for Breach of Contract for not lending lawful money, and actual damages for the sum of $33,391.20 and compensatory damages to be determined as well as three times this amount in punitive damages against each defendant convicted on any count.

3. Plaintiff asks for an Evidentiary hearing and Demand a Trial by Jury to be comprised of 12 members to determine all issues of facts in dispute and to determine award all damages.

4. Plaintiff states a claim and asks for a court order declaring the [mortgage, mortgage note, note, deed of trust, security agreement, etc.] to be null and void.

5

5. Plaintiff states a claim and asks for an injunction against Defendant CITIMORTGAGE, INC. to divest themselves of any assets they have unlawfully gained and to return the same to the plaintiff and all other debtors or injured parties.

Dated this 22ND day of October 2012 A.D.

_William R Moser_
William Ray Moser Jr
c/o 2813 Roland Rd
Greensboro, near 07 (27407)
North Carolina state, the Republic

North Carolina state )
                 ) ss
Guilford County )

I certify that on this 22ND day of October, 2012 A.D., a Man who is known to me to be WILLIAM RAY MOSER, JR., appeared to attest and a firm that he is the man executing the forgoing Common Law Complaint Affidavit.

I, THEREFORE, set my hand and seal in affirmation of the execution thereof.

_____       10/22/12
Notary Public                                            Date:

9/4/16
My Commission Expires:                   Seal: