IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

WILLIAM RAY MOSER, JR.,              )
                                     )
        Plaintiff,                   )
                                     )
    v.                               )   1:12CV1258
                                     )
CITIMORTGAGE, INC.,                  )
                                     )
        Defendant.                   )

MEMORANDUM OPINION AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on a Motion to Dismiss filed by Defendant Citimortgage, Inc. ("Defendant Citimortgage" or "Defendant") [Doc. #6]. Plaintiff William Moser, Jr., proceeding *pro se*, has responded in opposition to the motion [Doc. #10]. For the reasons set out below, the Court recommends that Defendant Citimortgage's Motion to Dismiss be granted and that this action be dismissed.

I.   FACTS, CLAIMS, AND PROCEDURAL HISTORY

Plaintiff Moser filed this action in North Carolina state court, and Defendant Citimortgage removed it to this Court. In his Complaint, Plaintiff alleges that he is a citizen of North Carolina who received a loan from Defendant Citimortgage in May 2007 to purchase property in Greensboro, North Carolina. (Compl. [Doc. #2] at 2.) Plaintiff signed a Note to secure the loan, which was in the amount of $62,400.00 at an annual interest rate of 6.875%.

(Id. at 2-3.)[1] Plaintiff states that he has made payments on the loan since 2007 totaling $33,391.20.

Plaintiff now asserts that Defendant Citimortgage falsely represented that it would loan him "lawful money of the United States" at the quoted interest rate. (Id. at 2.) He says that for "the actual lawful money which the bank risked for the loan, estimated to be no more than 5% of the loans [sic] face value," Defendant Citimortgage charged an interest rate "that was 20 times greater than what was authorized in the contract." (Id. at 3.) Plaintiff further alleges that Defendant "did write a check for the sum of $62,400.00," but that by issuing this check Defendant made "a loan beyond its customers' deposits." (Id.) Plaintiff also claims that the check was "not backed by or redeemable in Federal Reserve Notes, coins or lawful money of the United States for [its] full face value." (Id.) Plaintiff alleges that he did not become aware of the Defendant's "fraudulent activity" until September 2012. The only consideration for the loan provided by Defendant Citimortgage, according to Plaintiff, "was a book entry demand deposit." (Id.) Plaintiff says that by "stamping its own check 'Paid,' [Defendant made] a false representation that it merely transferred some book entries and never intended to redeem this check in lawful money of the United States." (Id.)

Based on these facts, Plaintiff raises in his Complaint the following claims: Count One for breach of contract; Count Two for fraud and racketeering; Count Three for usury and racketeering; and Count Four for violations of truth-in-lending law. (Id. at 4-5.)

---

[1] Defendant Citimortgage has submitted a copy of the Note [Doc. #6-1] Plaintiff signed in May 2007 for $62,400.00. The lender on the Note is not Defendant but is Heartwell Mortgage Corporation. The Note was later assigned to Defendant Citimortgage.

2

Defendant Citimortgage moves to dismiss under several different theories: first, under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction; second, under Rule 12(b)(4) for insufficient process; third, under Rule 12(b)(5) for insufficient service of process; and fourth, under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. As to the first three contentions, Defendant argues that service was not proper and that the Court lacks personal jurisdiction over Defendant because Plaintiff served Defendant by delivering a copy of the summons and complaint to a person not authorized to accept service and at an address used for receipt of payments sent by overnight express delivery rather than a proper address for service of process. With respect to these contentions, the Court ordinarily provides *pro se* parties the opportunity to correct defects in service. However, in this case the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted. Therefore, there is no need to allow Plaintiff the opportunity to address any defects in service, and the Court recommends that the case be dismissed under Federal Rule of Civil Procedure 12(b)(6), as discussed below.

II. DISCUSSION

A plaintiff fails to state a claim on which relief may be granted under Federal Rule of Civil Procedure 12(b)(6) when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

3

the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

    1.    Breach of Contract

In his first count, Plaintiff Moser claims that Defendant breached an unspecified contract by failing to lend him "lawful money of the United States and [that Defendant] instead substituted a check with the intended purpose of circulating it as money." (Compl. [Doc. #2] at 4.) This breach of contract claim is thus apparently based upon Plaintiff's argument that the check was deficient because the check was not "backed by or redeemable in Federal Reserve Notes, coins or lawful money of the United States for [its] full face value." Courts have soundly rejected such claims and dismissed such claims for failure to state a claim upon which relief may be granted. See Blake v. Irwin Mortgage, No. CV-10-2435, 2011 WL 98538 (D. Ariz. Jan. 12, 2011) (citing cases and holding that a breach of contract claim based on allegation that defendant failed to lend lawful money because it issued a check not backed by or redeemable in Federal Reserve Notes "fails to sufficiently plead facts to make her claim plausible."); McGregor v. Wells Fargo Bank, No. 2:10CV136, 2011 WL 679435 (N.D. Ga. Jan. 26, 2011) (citing cases and concluding that breach of contract claim based on allegation that defendant failed to lend lawful money because it issued a check "beyond its customers' deposits" and because the check was not backed by or redeemable in Federal Reserve Notes fails to state a claim as part of "frivolous and legally immaterial allegations"); see also Pouncy v. First Virginia Mortg. Co., 51 F.3d 267 (4th Cir. 1995) (unpublished); Pierce v. Wells Fargo Bank, 1:05cv1164 (M.D.N.C. Sept. 1, 2006); Nixon v. Individual Head of St. Joseph Mortg. Co., 615 F. Supp. 898 (N.D. Ind. 1985); Rene v.

Citibank NA, 32 F. Supp. 2d 539 (E.D.N.Y. 1999); Strickland v. A. Mortgage Company, 179 B.R. 979 (N.D. Ga. Bankr. 1995); Thiel v. First Federal Savings & Loan Ass'n, 646 F. Supp. 592 (N.D. Ind. 1986). This Court likewise concludes that Plaintiff's allegations fail to state a claim upon which relief can be granted, and therefore Plaintiff's claim for breach of contract should be dismissed.

2. Fraud

In Count Two for fraud, Plaintiff Moser first claims that Defendant committed fraud by writing and processing the check related to the Note that Plaintiff signed. This allegation of fraud is based upon the same theories discussed above in Plaintiff's Count One for breach of contract, and the fraud claim similarly fails to state a claim upon which relief may be granted. Cf. Blake, 2011 WL 98538, at *3; McGregor, 2011 WL 679435, at *3-*4.

Plaintiff further claims that Defendant committed the federal offenses of mail and wire fraud, constituting racketeering activity. However, Plaintiff Moser may not bring a private cause of action for an alleged violation of these federal criminal laws. See El-Bey v. City of Thomasville, No. 1:11CV413, 2012 WL 1077896 (M.D.N.C. Mar. 30, 2012) (recommending dismissal of the plaintiff's claims that were purportedly based upon alleged violation of the United States Criminal Code); Thomas v. Barber, No. 1:03CV1139, 2004 WL 602775 (M.D.N.C. Mar. 4, 2004) (dismissing purported mail fraud claim because it does not state a federal civil cause of action); Lee v. McClellan, No. 3:97CV355, 1997 WL 882907 (W.D.N.C. Nov. 18, 1997) (noting that no private right of action exists under the federal mail fraud statute); Baker v. Data Dynamics, Inc., 561 F. Supp. 1161, 1166 (W.D.N.C. 1983) (noting that no private right of action

5

exists under federal mail fraud or wire fraud statute). Moreover, Plaintiff fails to state a valid claim for relief for any type of fraud as discussed above, and therefore any claim of racketeering activity based upon fraud lacks merit. Accordingly, Plaintiff's claims in Count Two of his Complaint should be dismissed.

3.  Usury and Racketeering

In Count Three, Plaintiff Moser raises claims of usury and racketeering. Again, his claim of usury is related to his contention that the check issued pursuant to his Note did not represent "the actual amount of lawful money risked by the [Defendant] in making the loan" and that the amount loaned was "less than 5% of the loan's face value." (Compl. [Doc. #2] at 4.) Plaintiff apparently arrives at the higher interest rate than is reflected on the face of the Note by calculating the interest rate on only 5% of the face value of the Note. Plaintiff cites no legal basis for his theory. See Blake, 2011 WL 98538, at *3 (rejecting a similar attempt to calculate interest in this manner). This Court concludes that Plaintiff's method of calculating the interest rate he was charged under the Note fails to state a claim for usury. Therefore, this claim should be dismissed.

4.  Truth-in-Lending

Plaintiff's final claim is that Defendant violated the "truth-in-lending law," citing 12 C.F.R. § 226.17(c)(1), by failing to disclose the alleged material facts that he "was the depositor and that the Defendant(s) risked none of their assets in the exchange." (Id. at 5.) Section 226.17 implements the Federal Truth in Lending Act, and states that required "disclosures shall reflect the terms of the legal obligation between the parties." However, it is not clear how Plaintiff

6

contends that this provision was violated. Cf. Blake, 2011 WL 98538, at *4 (finding that the same type of argument failed to state a claim upon which relief could be granted). With respect to his factual contentions, he does not explain how he became a "depositor" pursuant to the loan. Further, Plaintiff's assertion that Defendant risked none of their assets pursuant to the loan fails to state a claim for relief because it is apparently based on Plaintiff's theory that the check issued by Defendant was not for lawful money, a theory rejected above.

Accordingly, all of Plaintiff Moser's claims should be dismissed for failure to state a claim upon which relief may be granted.

III. CONCLUSION

IT IS THEREFORE RECOMMENDED that Defendant Citimortgage's Motion to Dismiss [Doc. #6] be granted, and that this action be dismissed.

This, the 26th day of August, 2013.

/s/ Joi Elizabeth Peake<br>United States Magistrate Judge